127 N.J. Super. 496 (1973)
317 A.2d 779
LOUIS ESPIN, PLAINTIFF,
v.
ALLERGAN PHARMACEUTICAL, INC., DR. VINCENT CARTER, JR. AND ENGLEWOOD CLIFFS PHARMACY, INC., DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided December 14, 1973.
*497 Mr. Harry H. Chandless, Jr., for plaintiff.
Mr. Neil Reiseman, for defendant, Englewood Cliffs Pharmacy, Inc. (Messrs. Conway, Reiseman & Michals, attorneys), and also argued case for other defendants.
PETRELLA, J.C.C., Temporarily Assigned.
By order of the Assignment Judge of October 11, 1973, this matter was put on the inactive list because of plaintiff's inability or unwillingness to submit to an eye examination.
Defendants on this motion now seek to dismiss the complaint or in the alternative toll the running of prejudgment interest allowed by Rule 4:42-11(b).
The Court denies the motions to dismiss on the ground that R. 1:13-7 allowed a six month period on the inactive list and the Order of October 11, 1973 did not require an eye examination on a specific date but allowed placing the case on the inactive list until the plaintiff submitted to the examination, or, implicitly, such period allowed by the rules expired.
The Court rules do not expressly provide for the tolling of interest during the period plaintiff is unable or unwilling to prosecute his case. The purpose of the allowing of prejudgment interest is to discourage defendants from deferring payments of awards or settlements to injured plaintiffs. Busik v. Levine, 63 N.J. 351 (1973). Since the rule is for the benefit of plaintiffs it is only fair and equitable that where a plaintiff is unable or unwilling to proceed with his case, the court may exercise its inherent power to suspend the running of such interest where defendant is not at fault. See R. 1:1-2.
Application of the prejudgment interest rule in its literal form would neither promote fairness in administration nor prevent an injustice under the circumstances.
*498 Accordingly, the motion to suspend the running of prejudgment interest for the period the case remains on the inactive list pursuant to the aforementioned order is granted.