240 N.J. Super. 326 (1989)
573 A.2d 462
FRANK E. WILTON AND GERALDINE L. WILTON, PLAINTIFFS-RESPONDENTS,
v.
CYCLE TRUCKING, INC., ATLANTIC COAST EXPRESS, WILFRED A. FLEMING, HARLEYSVILLE INSURANCE COMPANY, HARLEYSVILLE MUTUAL INSURANCE COMPANY, JOHN DOE 1-JOHN DOE 10, DEFENDANTS-APPELLANTS, AND NEW JERSEY PROPERTY-LIABILITY INSURANCE GUARANTY ASSOCIATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted February 28, 1989.
Decided March 30, 1989.
*327 Before Judges DREIER and BROCHIN.
Brach, Eichler, Rosenberg, Silver, Bernstein, Hammer & Gladstone, attorneys for appellants Cycle Trucking, Inc., Atlantic Coast Express, and Wilfred A. Fleming (Lance A. Posner, on the brief).
Leonard F. Rappa, attorney for respondents (Leonard F. Rappa, on the letter brief).
Stryker, Tams & Dill, attorneys for respondent New Jersey Property-Liability Insurance Guaranty Association (Edith K. Payne, of counsel; Edith K. Payne and Deborah J. Gannett, on the brief).
DREIER, J.A.D.
Defendants Cycle Trucking Inc., Atlantic Coast Express and Wilfred A. Fleming have appealed from a decision of Judge Sachar in the Law Division. 240 N.J. Super. 451, 573 A.2d 525. Defendants are the lessor, lessee and driver of the truck that injured plaintiff Frank Wilton. Although the matter was an open and shut case of liability and plaintiffs had offered to settle well within the policy limits (they had demanded $150,000), defendants refused to make any settlement offer. The resulting verdict was $182,000, plus prejudgment interest. Defendants' insurer, however, became insolvent, and the matter was defended by the New Jersey Property-Liability Insurance Guarantee Association. The Association has paid the principal amount of the verdict, but has declined to pay the prejudgment interest of $55,692. Judge Sachar held that the responsibility for the payment of this interest falls upon the defendants.
We had previously remanded the matter to the Law Division for specific determinations: (1) whether the Guarantee Association or defendants were responsible for the prejudgment interest, and (2) whether there were exceptional circumstances present to justify reopening the judgment under R. 4:50-1(f), even after the expiration of the one-year period specified in the *328 rule. Judge Sachar's opinion was issued in response to this remand.
The defendants claim that either the interest should not be assessed at all, or it should be the responsibility of the Guarantee Association. The Guarantee Association contends that the interest should be paid by the individual defendants or that it should not be assessed at all.
The presence or absence of insurance is neither a bar nor a benefit to plaintiffs' claim when we analyze their right to collect both their judgment and prejudgment interest. Had the original insurer or the Guarantee Association settled for $150,000, defendants, their insurer or the Guarantee Association would have saved not only the $32,000 additional award made by the jury, but also the prejudgment interest. Plaintiffs were deprived of the use of the funds for the same period, which included the 180-day period that the Guarantee Association is granted by statute to investigate the pending claim. By not settling, the insurer or the Guarantee Association retained the settlement funds and were able to invest them for their own purposes. Defendants, however, received no benefit from the 180-day extension, since they personally retained no part of the $182,000 award.
The trial judge determined that to force plaintiffs to forego the prejudgment interest would be inequitable. On this basis he found the circumstances differed from those of Dall'Ava v. H.W. Porter Co., 199 N.J. Super. 127, 132, 488 A.2d 1036 (App.Div. 1985), where no interest was ordered during a stay mandated by a bankruptcy proceeding.
We must determine whether the Legislature, by mandating the 180-day stay and forbidding the Guarantee Association from paying prejudgment interest, meant to force the individual defendants to pay interest for that period. In most situations the individual defendants will be of modest means. The extra 180 days is not part of the usual period of delay associated with any litigation. The interest during that normal period is a *329 usual expense not attributable to the status of a defendant, whether insured by its own carrier, the Guarantee Association or even uninsured. Without more express language in the statute, we cannot say that the Legislature, by in effect "freezing" the litigation for a 180-day period to permit investigation of a claim by the Guarantee Association, intended to place the burden of an additional six months' interest upon a defendant who is otherwise responsible for the balance of the prejudgment interest.
Concerning defendants' general liability for prejudgment interest, were it not for the Guarantee Association, the defendants individually would have had to pay the entire judgment (or settlement if they chose to settle), their legal fees and the prejudgment interest. They chose their insurer,[1] plaintiffs did not. Fortunately for defendants, the Legislature enacted the protection in N.J.S.A. 17:30A-1 et seq. However, the Legislature did not provide complete coverage. Prejudgment interest generally was excluded from coverage under N.J.S.A. 17:30A-5d (last paragraph). The claim before us is no different than if the judgment had been rendered for a principal amount in excess of the $300,000 statutory limit and defendants were claiming that they should be relieved from paying the excess.
We therefore agree with Judge Sachar that between the innocent plaintiffs and innocent defendants, it is the defendants who must pay the assessed prejudgment interest. We only disagree with the inclusion of the statutory 180-day period in the time for which the prejudgment interest was awarded. With the sole modification for the deletion of the 180-day period, we affirm the judgment appealed from substantially for the reasons stated by Judge Sachar in his comprehensive written opinion of November 17, 1987.
NOTES
[1] Few insureds inquire into the solvency of their insurers. Yet, before placing its insurance with that insurer, a corporation seeking a million dollar policy might, either directly or through its insurance agent, have inquired into the insurer's solvency.