271 N.J. Super. 538 (1994)
638 A.2d 1373
TIMOTHY P. HEIM, INDIVIDUALLY, AND G/A/L FOR MICHAEL HEIM AND TIMOTHY P. HEIM AND BARBARA HEIM, HIS WIFE, PLAINTIFFS-RESPONDENTS,
v.
IVAN F. WOLPAW, HEATH WOLPAW, KARANNE WOLPAW, SARANNE FREW, ADG DEPARTMENT STORES, INC. AND/OR CALDOR, INC., A BODY CORPORATE T/A CALDOR DEPARTMENT STORES, AND DAISY AIR RIFLE COMPANY, A BODY CORPORATE, DEFENDANTS, AND GENERAL ACCIDENT INSURANCE COMPANY, INSURER AND POSSIBLE INDEMNITOR OF KARANNE WOLPAW, APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 1, 1994.
Decided March 25, 1994.
*540 Before Judges BRODY, STERN and KEEFE.
Elliott Abrutyn argued the cause for appellant (Morgan, Melhuish, Monaghan, Arvidson, Abrutyn & Lisowski, attorneys; Mr. Abrutyn, of counsel; Christine M. Favorito, on the brief).
William W. Graham argued the cause for respondents (Carey & Graham, attorneys; Mr. Graham, of counsel and on the brief).
The opinion of the court was delivered by BRODY, P.J.A.D.
General Accident Insurance Company (appellant) appeals from an order amending a judgment plaintiffs obtained against defendants Ivan F. Wolpaw, Karanne Wolpaw, and Heath Wolpaw in a personal-injury negligence action. As originally entered on January 3, 1991, the judgment was stated to be "in the amount of $475,000.00 together with interest and costs to be taxed." The *541 amount of the judgment did not include a sum for prejudgment interest. On July 1, 1992, appellant moved for an order clarifying the judgment to confirm that the court did not intend to award plaintiffs prejudgment interest. On July 9, 1992, plaintiffs cross-moved, purportedly pursuant to R. 1:13-1, for an order to correct a "clerical mistake" in the judgment by amending it to include a sum for prejudgment interest.
The judge who had conducted the trial heard both motions together and on August 21, 1992, entered an order denying appellant's motion and granting plaintiffs' motion. The order raised the amount of the judgment to $680,461.98, which included prejudgment and post-judgment interest, after crediting sums paid on account of the original judgment. The main issue on appeal is whether the trial court mistakenly exercised its discretion when it granted plaintiffs' motion. Preliminarily, plaintiffs question whether the trial court exceeded its authority by entertaining appellant's motion eighteen months after entry of the judgment.
Although not acknowledged by the parties, they were all relying on R. 4:50 for relief from the judgment. As the trial court stated during oral argument, there was no "clerical mistake" to be corrected under R. 1:13-1. The court acknowledged that it, not the clerk, had made the mistake by not making clear its intent to award prejudgment interest. The original judgment was facially ambiguous. It stated that "interest" was awarded. The reference appears to be to prejudgment interest because there is no need for a judgment to provide expressly for post-judgment interest, which attaches to a judgment "[e]xcept as otherwise ordered by the court." R. 4:42-11(a). On the other hand, prejudgment interest is of no value unless it is computed and included in the judgment. By not including an amount for prejudgment interest the judgment did not enable plaintiffs to recover it by executing the judgment. Thus, for the judgment to serve its purpose of providing finality, plaintiffs and appellant needed recourse to R. 4:50 to clarify the court's intent.
*542 Rule 4:50-2 provides that a motion to correct a "mistake" in a judgment pursuant to R. 4:50-1(a) must be made within one year. Resolving an ambiguity in a judgment, however, goes beyond correcting a mistake. Unless the ambiguity is resolved, the judgment in that respect has no meaning. Resolving an ambiguity is a "reason justifying relief" from the judgment other than correcting a mistake and is therefore cognizable under R. 4:50-1(f), the catch-all for extraordinary relief not otherwise specified in the rule. Relief for that reason may be sought within "a reasonable time." R. 4:50-2. Where, as here, the parties had been reading the ambiguity differently, it is reasonable to recognize that they needed time to realize the problem before they both sought relief. The matter was properly before the trial court.
As to the merits, the purpose for awarding prejudgment interest is not served by awarding it in this case. Appellant's homeowners' policy afforded Karanne Wolpaw and her young son Heath only $50,000 coverage. Soon after plaintiffs commenced this action, appellant deposited the full amount of its policy limit in court and offered it to settle plaintiffs' claims against its insureds. Plaintiffs rejected the offer although it is conceded that the insureds are judgment-proof.
The purposes for awarding prejudgment interest in tort actions, pursuant to R. 4:42-11(b), are not only to compensate plaintiffs for not having use of the judgment money while their actions are pending and to require defendants to give up the benefits of their use of the money during that time, but also to encourage defendants to settle cases. Kotzian v. Barr, 152 N.J. Super. 561, 565, 378 A.2d 256 (App.Div. 1977), rev'd in part on other grounds 81 N.J. 360, 408 A.2d 131 (1979). Judgment-proof defendants do not enjoy the use of the money before judgment and the threat of having to pay prejudgment interest cannot induce them to settle their cases. A case with a judgment-proof defendant is the kind of "exceptional case" for which R. 4:42-11(b) provides that a court "may suspend the running of such prejudgment interest." In Kotzian, supra, at 565-568, 378 A.2d 256, we *543 held for that reason that the trial court had properly declined to award prejudgment interest.
The trial court here did not give any reason for awarding prejudgment interest. The court merely found that the fact that the insureds were judgment-proof did not "raise to the level of exceptional circumstance." We are convinced by the reasoning in Kotzian that prejudgment interest should not have been awarded except for the period from the commencement of the action until appellant deposited the limit of its policy in court and offered it to plaintiffs in settlement of their claims against the insureds.
At the time this issue was before the trial court, defendant Karanne Wolpaw, in an action on her policy, had just obtained a determination from a different judge that appellant should pay the full amount of plaintiffs' judgment. The stated basis for that determination was that appellant had breached its policy by not providing Karanne Wolpaw, Heath Wolpaw and Saranne Frew, its three insureds, with separate counsel to defend them in this case. The ambiguity in the Heim judgment was brought to light when it prevented the parties in the insurance case from agreeing on the amount of the judgment to be entered against appellant. It may be that the trial court here considered the fact that appellant was ordered in the insurance case to pay the full amount of the Heim judgment as a reason for ignoring the $50,000 limitation of appellant's policy in awarding prejudgment interest. However, we have this day reversed the judgment in the insurance case and remanded that matter for a trial to determine the actual damages, if any, that Karanne Wolpaw suffered as a result of appellant's breach. Wolpaw v. General Acc. Ins. Co., 272 N.J. Super. 41, 639 A.2d 338 (App.Div. 1994). Thus the judgment against appellant can no longer be a reason, if it ever was, for awarding plaintiffs prejudgment interest.
Finally, we are satisfied that the reasons for awarding prejudgment interest do not warrant awarding it here whatever the outcome of the insurance case. The primary issue in that case is whether Karanne Wolpaw suffered damages because her attorneys *544 also represented two other defendants whose interests conflicted with hers. Those issues are not related to the purpose for awarding prejudgment interest. The threat of having to pay prejudgment interest would not reasonably have encouraged appellant to offer more than its offer to settle for the full amount of its policy, an offer that, for reasons not apparent from this record, plaintiffs refused to accept. See Kotzian v. Barr, 81 N.J. at 365, n. 2, 408 A.2d 131.
The order amending the judgment is reversed and the matter remanded for a recomputation of the judgment, limiting the amount of prejudgment interest to interest on $50,000 from commencement of this action until appellant deposited the money in court and offered it in settlement of plaintiffs' claims against appellant's insureds.