907 A.2d 449

MICHELLE SMITH, PLAINTIFF, v. ADELIA MOUSTIATSE, MICHAEL S. BADIN, JAMES PAOLINO, LIBERTY HEALTH CARE SYSTEMS D/B/A GREENVILLE HOSPITAL AND JOHN DOE I THROUGH X (A PERSON WHOSE IDENTITY IS PRESENTLY UNKNOWN AT THIS TIME, JOINTLY OR IN THE ALTERNATIVE), DEFENDANTS.

Superior Court of New Jersey
Law Division Hudson County

Decided March 3, 2006.

274

*Frank J. Nostrame,* for plaintiff.

*William J. Buckley,* for defendant, Michael Badin, M.D. (Pisciotti & Malsh, attorneys).

BARISO, J.S.C.

The issue in this case, whether a tortfeasor is responsible for prejudgment interest on the part of any judgment in excess of the $300,000 limit on the Guaranty Association's liability, presents a matter of first impression. Although the recent decision of *Johnson v. Braddy*, 376 *N.J.Super.* 215, 869 *A.*2d 964 (App.Div.2005), *aff'd* 186 *N.J.* 40, 890 *A.*2d 944 (2006), which held the tortfeasor responsible for any judgment in excess of the Guaranty Association's limits, addressed this issue in a footnote on page 221, 869 *A.*2d 964, the court expressed no view on the resolution.

This medical malpractice action was filed against several doctors, alleging misdiagnosis and mistreatment of a pulmonary infection resulting in a spinal abscess causing semi-paralysis. Two defendant doctors settled prior to trial, with payments made on their behalf by the Guaranty Association. The matter proceeded to trial against the remaining defendants, Michael Badin, M.D. and Sharmalie Perera, M.D. Dr. Perera settled during jury deliberations following the three-week trial. Payment was made on her behalf by the Guaranty Association. Throughout the course of the litigation and during the trial, Dr. Badin refused to consent to a settlement despite several conferences among counsel and the court. The jury returned a verdict of $3,824,693.61. They apportioned 25% of the liability against Dr. Badin, which resulted in a net award of $956,173.40. Plaintiff's counsel submitted a proposed form of order, which included prejudgment interest in the amount of $48,207.11, for a total judgment of $1,004,438.05, plus costs to be entered against Dr. Badin.

Counsel for Dr. Badin has opposed the inclusion of prejudgment interest and relies upon *Lehmann v. O'Brien*, 240 *N.J.Super.* 242, 573 *A.*2d 171 (App.Div.1989) in support of his position.

In *Johnson, supra,* the Court acknowledged a split in appellate court decisions regarding the assessment of prejudgment interest against a tortfeasor being defended by the Guaranty Association. The Court noted that in *Lehmann, supra,* and *Hendricks v. A.J. Ross Co.*, 232 *N.J.Super.*, 243, 556 *A.*2d 1267 (App.Div.1989), the

assessment of prejudgment interest was not allowed against a tortfeasor whose claim was being paid by the Guaranty Association. The opposite result was reached in *Wilton v. Cycle Trucking, Inc.* 240 *N.J.Super.*, 326, 573 *A.2d* 462 (App.Div.1989), where the court imposed prejudgment interest on the tortfeasor and concluded that between the innocent plaintiffs and innocent defendants, it is the defendants who must pay the assessed prejudgment interest.

Although *Johnson, supra,* held the tortfeasor responsible for any amount greater than the $300,000 statutory limits of the Guaranty Association, the court noted:

> Where a claim is covered by the Guaranty Act and consequently the Association controls the defense, the tortfeasor has no control over the timing of settlement negotiations or any responsibility for delay in disposition of the case. Therefore, this rationale for prejudgment interest would not support imposition of this obligation upon the tortfeasor for a claim payable by the Association. Furthermore, the obligation to pay prejudgment interest is derivative of the obligation to pay the judgment. Consequently, it would be incongruous to impose liability for payment of the judgment on the Association but to impose liability of prejudgment interest on the tortfeasor. For these reasons, it is reasonable to infer that in exempting the Association from liability for prejudgment interest, the Legislature did not intend to transfer this liability to the tortfeasor.
>
> [376 *N.J.Super.* at 221, 869 *A.2d* 964.]

█ The matter at hand involves an excess verdict well above the $300,000 statutory limit of the Guaranty Association. As the court noted in *Wilton, supra:*

> The presence or absence of insurance is neither a bar nor a benefit to plaintiffs' claim when we analyze their right to collect both their judgment and prejudgment interest.

█ The court went on to observe that had the original insurer or the Guaranty Association settled this matter within the applicable limits, defendants, their insurer, or the Guaranty Association would have saved not only the additional award made by the jury, but also the prejudgment interest. That is precisely the factual background of this litigation. Had the defendant, Dr. Badin, consented to settle this matter either during the pretrial stage of this litigation, or during the trial of this matter, defendant, his insurer, or the Guaranty Association could have realized substan-

tial savings in light of the ultimate verdict. Additionally, the reasoning set forth by the *Johnson* Court relating to the award of prejudgment interest is not applicable to the facts of this case. The Association did not control the defense of this matter. Dr. Badin had control over the timing of settlement negotiations or any responsibility of delay in disposition of the case. Settlement negotiations were not undertaken by the Guaranty Association because the defendant himself, Dr. Badin, refused to consent to settle. The court was advised by counsel that the Guaranty Association chose to honor the consent provision contained in Dr. Badin's insolvent insurer's policy.

Since the Supreme Court has held that a tortfeasor is responsible for any excess verdict above the Guaranty Association limit of $300,000, this court sees no reason why a tortfeasor, particularly one who controls the timing and authorization for settlement negotiations, should not be responsible for prejudgment interest. Withholding consent to settle this matter afforded Dr. Badin, as well as the insurer or the Guaranty Association the opportunity to retain the settlement funds and to invest them for their own purposes. Accordingly forcing plaintiff to forego the prejudgment interest would be inequitable.