823 F.2d 105
 Fed. Sec. L. Rep. P 93,329, 8 Fed.R.Serv.3d 557,
RICO Bus.Disp.Guide 6696
 Paul M. DAVIS, Plaintiff-Appellant, Cross-Appellee,
v.
A.G. EDWARDS AND SONS, INC., et al., Defendants-Appellees,
Cross-Appellants.
John P. DAVIS, Plaintiff-Appellant, Cross-Appellee,
v.
A.G. EDWARDS AND SONS, INC., et al., Defendants-Appellees,
Cross-Appellants.
 Nos. 86-4452, 86-4455.
 United States Court of Appeals,
Fifth Circuit.
 July 30, 1987.
 
 J. Ransdell Keene, Shreveport, La., for plaintiffs-appellants, cross-appellees.
 Robert J. Collins, Donald L. Beckner, Baton Rouge, La., for amicus curiae (Conklin).
 John T. Cox, Jr., R. Joseph Naus, Shreveport, La., for defendants-appellees, cross-appellants.
 Appeals from the United States District Court for the Western District of Louisiana.
 Before CLARK, Chief Judge, GOLDBERG and GEE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Dr. John P. Davis and his son, Paul M. Davis (collectively referred to as "the Davises"), appeal from an adverse summary judgment order dismissing their claims. The Davises claimed that A.G. Edwards & Sons (Edwards) and Lloyd Tiller engaged in churning of their securities account. The Davises asserted claims under Sec. 10b of the Securities and Exchange Act of 1934, 15 U.S.C. Sec. 78(j)(b) (Securities Act), the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. Sec. 1961 et seq. (RICO), and Louisiana law. Edwards and Tiller filed motions for summary judgment and for sanctions under Fed.R.Civ.P. 11, asserting that the Davises and their counsel filed these claims in bad faith.
 
 
 2
 The district court held that the statute of limitations period had expired on the Davises' RICO and Securities Act claims, dismissed without prejudice their pendant state claims and rejected the Rule 11 motion of Edwards and Tiller. We affirm the district court as to the Securities Act claim and the Rule 11 motion. A recent Supreme Court decision, however, requires us to vacate the court's decision relating to the RICO claim. Because it must further consider the RICO claim, the district court should also reconsider its dismissal of the pendant state claims.
 
 I. Background
 
 3
 According to the pleadings, John and Paul Davis each opened accounts with Edwards in July 1979, investing over $300,000 in "daily accumulation funds." The broker for these accounts was Edwards' employee, Tiller. After the Davises' securities portfolio had declined in value to some $65,000, the Davises ordered Edwards to close their accounts in July or August 1983. Edwards promptly and fully complied.
 
 
 4
 On September 13 and September 20, 1985, Dr. Davis and his son each filed a separate but nearly identical complaint against Edwards and Tiller, alleging that the defendants had "engaged in the manipulative and fraudulent practice of excessive and objectionable trade, i.e., churning." The complaint stated that this churning occurred throughout 1980, 1981, 1982 and most of 1983, and that it violated the Securities Act. On October 21 and October 25, 1985, each Davis amended his complaint to assert a RICO claim and pendant state claims that alleged a breach of contract and unjust enrichment. These amended and superseding complaints also named as parties unspecified and then unknown defendants, who were supervisors of Tiller.
 
 
 5
 On December 18, 1985, Edwards and Tiller filed motions for summary judgment, and on January 9, 1986, they filed motions for sanctions under Rule 11. Both motions urged that the statute of limitations had run on all of the Davises' claims. The district court granted the motion for summary judgment, but denied the motion for sanctions. Davis v. A.G. Edwards & Sons, Inc., 635 F.Supp. 707 (W.D.La.1986). The Davises appeal the summary judgment decision, and Edwards and Tiller appeal the Rule 11 decision.
 
 II. Securities Act Claim
 
 6
 We have held, and the parties agree, that the limitations period governing Securities Act claims is governed by Louisiana's two year statute of limitations, found in La.R.S. 51:714. Dupuy v. Dupuy, 551 F.2d 1005, 1023-24 n. 31 (5th Cir.), cert. denied, 434 U.S. 911, 98 S.Ct. 312, 54 L.Ed.2d 197 (1977). While the proper limitations period is borrowed from state law, when the period commences is governed by federal law. Vigman v. Community National Bank & Trust Co., 635 F.2d 455, 458-59 (5th Cir.1981); Azalea Meats, Inc. v. Muscat, 386 F.2d 5, 8 (5th Cir.1967); see Rawlings v. Ray, 312 U.S. 96, 61 S.Ct. 473, 85 L.Ed. 605 (1941).
 
 
 7
 Under federal law, the limitations period begins to run when "the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge" of the violation. Vigman, 635 F.2d at 459 (citations omitted). It is plain that this requisite "knowledge ... which an aggrieved party must have for ... commencing the statute of limitations is merely that of 'the facts forming the basis of this cause of action' ... not that of the existence of the cause of action itself." Id. (quoting Azalea Meats, 386 F.2d at 9) (emphasis in original).
 
 
 8
 The Davises concede that they ordered Edwards to close their accounts in August 1983. In their original and amended complaints, the Davises alleged that they closed their accounts, "as a result of Defendants' excessive and objectionable trading practices." Thus, the Davises in effect admit in their pleadings that, when they closed their accounts, they were cognizant of the facts upon which their Securities Act claim was predicated.
 
 
 9
 The Davises contend, however, that there is a genuine issue of material fact as to when they knew of the facts giving rise to this cause of action. In a later affidavit, Dr. Davis stated that he did not suspect Edwards, Tiller or any of Edwards' other employees of wrongdoing until January of 1984, when Dr. Davis allegedly discovered that Tiller had "lied" to him regarding a transaction. Dr. Davis' statement in the affidavit certainly conflicts with the Davises' earlier statements in their complaints.
 
 
 10
 But this factual dispute does not render summary judgment inappropriate. Irrespective of which document contains the more accurate account, the Davises are bound by the admissions in their pleadings, and thus no factual issue can be evoked by comparing their pleadings with Dr. Davis' affidavit. "[F]actual assertions in pleadings are ... judicial admissions conclusively binding on the party that made them." White v. ARCO/Polymers, 720 F.2d 1391, 1396 (5th Cir.1983) (citations and footnote omitted) (emphasis added). Facts that are admitted in the pleadings "are no longer at issue." Ferguson v. Neighborhood Housing Services, Inc., 780 F.2d 549, 551 (6th Cir.1986). Therefore, as the district court found, the Davises' knowledge of the "objectionable trading practices" in August 1983 triggered the limitations period. The Davises did not file a complaint until more than two years thereafter, and their complaint is untimely.
 
 III. RICO State of Limitations
 
 11
 When Congress enacted RICO, it did not provide a statute of limitations period. The district court, thoughtfully applying the analysis required by Wilson v. Garcia, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), determined that the proper state analogue was contained in Louisiana's one year limitations statute for delictual actions. La.Civ.Code 3492. Thus, because plaintiffs filed the complaint alleging a RICO violation in October 1985, and because the limitations period commenced in August 1983 (or even crediting Dr. Davis' assertion in the affidavit, in January 1984), the district court held that the limitations period had run.
 
 
 12
 The Supreme Court, however, now instructs that all civil RICO claims are governed by the four year limitations period contained in the Clayton Act, 15 U.S.C. Sec. 15(b). Agency Holding Corp. v. Malley-Duff & Associates, Inc., --- U.S. ----, 107 S.Ct. 2759, 97 L.Ed.2d 121 (1987). Edwards and Tiller assert that the limitations period began to run on December 30, 1981. The superseding complaints containing the RICO claims were filed in October of 1985. Thus, even assuming arguendo the validity of Edwards' and Tillers' assertion, the Davises filed their RICO complaints within the required four years. Their RICO claims are timely.
 
 IV. Rule 11 Sanctions
 
 13
 Edwards moved for sanctions under Rule 11, claiming that the Davises' complaint was frivolous and aimed at obtaining a "nuisance settlement." The district court denied their Rule 11 motion because the "prescriptive period underlying a ... RICO action is ... unsettled" and because, "although plaintiffs' assertions are inconsistent, counsel's advocacy of plaintiffs' position is ... made in good faith." 635 F.Supp. at 707. Having carefully examined the record, the arguments of counsel, and the applicable law, we readily affirm the district court's reasoning and conclusion.
 
 Conclusion
 
 14
 The district court determined that it lacked jurisdiction over the Davises' pendant state claims, because the limitations period on their federal claims had run. Because we now hold that the RICO claim was filed in a timely fashion, the district court should reconsider the propriety of asserting pendant jurisdiction over these state claims. The decision is thus AFFIRMED in part, VACATED in part and REMANDED.