## UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————————————

No. 98-30926

————————————

JOSEPH WINDED PRICE, through
provisional curatrix M. M. Veronica Price,

Plaintiff-Appellant,

versus

RYDER SYSTEM INC.; RYDER TRUCK RENTAL,
INC.; PRUDENTIAL SERVICE BUREAU, INC.,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
(No. 97-CV-1708)

February 18, 2000

Before REYNALDO G. GARZA, JONES, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

The court has carefully considered this appeal in light of the parties' briefs, and argument, the district court opinion, and our independent research. Having done so, we find no reversible error.

Price claims that the 1996 amendment to 29 U.S.C. § 1162(2)(A) embodied in Section 421 of Public Law 104-191, *see* Pub. L. 104-191, § 421, 110 Stat. 2087, 2089 (1996), should apply to him, extending his COBRA coverage for an additional eleven months. The effective date of the amendment in question was January 1, 1997. *See id.* Price's COBRA coverage expired on November 30, 1996. Price therefore is covered by the amendment only if it operated retroactively to revive his expired COBRA coverage.

"'[R]etroactivity is not favored in the law. Thus, congressional enactments and administrative

---

[*] Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

rules will not be construed to have retroactive effect unless their language requires this result.'" *Storey v. Shearson-American Express*, 928 F.3d 159, 161 (5th Cir. 1991) (citing *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208, 109 S. Ct. 468, 471, 102 L.Ed. 2d 493 (1988). The district court correctly found that nothing in the language of the amendment, *see* Pub. L. 104-191, § 421, requires or even suggests that it should apply retroactively to revive COBRA coverage expired as of the amendment's effective date. Price's claim for an additional eleven months of coverage was properly rejected.

Price also claims that the district court erred in dismissing Ryder Truck Rental, Inc. and Prudential Service Bureau, Inc. These parties were dismissed because they lacked discretionary control over the administration of the ERISA plan covering Price. In his summary judgment pleadings, Price admitted that Ryder System Inc. was the plan administrator, with full and final discretion over the plan, and that his remedy was against Ryder System alone. Factual admissions made by an attorney in pleadings are judicial admissions binding that party. *See Davis v. A.G. Edwards and Sons, Inc.*, 823 F.2d 105, 108 (5th Cir. 1987). Price's second claim is therefore without merit.

Finally, Price mentions the district court's holding that Price's claims under Louisiana state law were preempted by ERISA. But Price has failed to brief an argument challenging this holding. The issue is therefore waived. *See* Fed. R. App. P. 28(a)(4)-(a)(6) (1997) (requiring appellant to cite to authorities and portions of the record relied upon); *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) (finding waived inadequately-briefed arguments of pro se prisoner); *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995).

The judgment of the district court is AFFIRMED.