FILED
United States Court of Appeals
Tenth Circuit

June 11, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JACK J. GRYNBERG,
d/b/a Grynberg Petroleum Company,

      Plaintiff-Counter-Defendant-
Appellant/Cross-Appellee,

v.

BAR S SERVICES, INC.,

      Defendant-Counterclaim-
Appellee/Cross-Appellant.

Nos. 12-8055 & 12-8056
(D.C. No. 2:11-CV-00269-NDF)
(D. Wyo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and **HOLMES**, Circuit Judge.

---

Jack J. Grynberg appeals from a jury verdict entered in favor of Bar S

Services, Inc. The jury determined that Mr. Grynberg had breached two separate

contracts with Bar S related to the transportation of an oil and gas drilling rig and

awarded Bar S damages on both of the contracts. Bar S cross-appeals from the

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

district court's denial of pre-judgment interest on a portion of its damages award. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

<u>I. Factual and Procedural Background</u>

On November 23, 2010, Mr. Grynberg contracted with Bar S to move a drilling rig from a site in Wyoming to a site in North Dakota. As part of the terms of the contract, Mr. Grynberg pre-paid $242,000 directly to Bar S, and put the remaining $242,000 into an escrow account.

After the parties entered into the contract, Bar S learned that the North Dakota site was not ready for the rig to be set up there. Bar S also learned that the rig needed to be moved from the Pinedale, Wyoming site before the North Dakota site would be ready. As a result, Bar S was unable to complete the move as contemplated in the original contract at that time. Because Mr. Grynberg needed to have the rig moved off of its current location by a certain deadline, Bar S agreed to move the rig from the Pinedale site to a site in Farson, Wyoming, where Bar S stacked out the rig for storage.

In 2011, Mr. Grynberg contracted with another company to move the rig from Wyoming to North Dakota and sought the return of the funds pre-paid to Bar S and into escrow. Bar S refused to return the pre-paid funds or release the escrow funds.

Mr. Grynberg then filed a complaint against Bar S for breach of contract, breach of the convenant of good faith and fair dealing, unjust enrichment, and conversion. Bar S filed a counterclaim against Mr. Grynberg for breach of the

November 23, 2010 contract (the contract for the rig move from Pinedale, Wyoming to Williston, North Dakota), and breach of a unilateral contract (the contract for the rig move to Farson, Wyoming and the stack out at that location). Bar S also brought alternative equitable claims for quantum meruit and unjust enrichment for the Farson move.

Bar S moved for summary judgment on all the claims in Mr. Grynberg's complaint and on its first counterclaim for breach of contract. The district court denied the motions on all of the claims, except for one. The district court concluded that Bar S was entitled to summary judgment on Mr. Grynberg's unjust enrichment claim because there was an express contract between the parties.

The remaining claims were tried to a jury. The jury found in favor of Bar S and against Mr. Grynberg on all of his claims. The jury also found in favor of Bar S and against Mr. Grynberg on Bar S's counterclaim that Mr. Grynberg had breached the November 23, 2010 contract. The jury further found that there was a separate, express contract for the Farson move and that Mr. Grynberg had breached that contract. The jury awarded damages in favor of Bar S on both contracts. The district court entered judgment in favor of Bar S.

Bar S filed a motion to alter or amend the judgment, arguing that it should be awarded additional damages in the form of prejudgment interest on the damages for the Farson move. Mr. Grynberg filed a motion for judgment as a matter of law notwithstanding the verdict and a motion for a new trial. The district court denied

Bar S's request for prejudgment interest and denied both of Mr. Grynberg's motions. This appeal and cross-appeal followed.

## II. Mr. Grynberg's Appeal

A. *Validity of the November 23, 2010 contract*

In his complaint, Mr. Grynberg alleged that he contracted with Bar S to move an oil rig from Wyoming to North Dakota and that Bar S did not perform the work under the terms of the contract. In response to Bar S's counterclaim, he admitted in his answer that the parties had entered into a contract on or about November 23, 2010 to move an oil rig from Pinedale, Wyoming to Williston, North Dakota (a copy of the contract that he signed on November 23, 2010 was also attached to the counterclaim complaint).

After proceeding on the basis that the November 23, 2010 contract was a valid contract for the first year of the litigation, Mr. Grynberg sought to amend his complaint at the summary judgment stage to drop his claim for breach of contract because Bar S had not signed the contract. The district court denied the motion to amend, explaining:

> In this case, Grynberg failed to provide any reason why he was unaware that Bar S had not signed the contract. Grynberg brought this case as a breach of contract case and the parties conducted discovery based on the November 23, 2010 Contract. It was not until after Bar S filed its motions for summary judgment that Grynberg sought to amend its Complaint to withdraw its claim for breach of contract.

> The parties in this case all believed that the November 23, 2010 Contract was in place and governed the parties' actions in this case. The corresponding Escrow Agreement was signed based on the

- 4 -

Contract. There is no reason for the Court to allow Grynberg to change its theory of the case at this late date.

Aplt. App., Vol. III at 451-52. Mr. Grynberg did not appeal from the denial of his motion to amend. Likewise, Mr. Grynberg never sought leave to amend his answer to the counterclaim complaint.

"Judicial admissions are formal admissions . . . which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." *Guidry v. Sheet Metal Workers Int'l Ass'n*, 10 F.3d 700, 716 (10th Cir. 1993) (internal quotation marks omitted). The judicial admissions in Mr. Grynberg's complaint and answer to the counterclaim complaint remain binding on him. "[A]dmissions in the pleadings . . . are in the nature of judicial admissions binding upon the parties, unless withdrawn or amended." *See Missouri Housing Dev. Comm'n v. Brice*, 919 F.2d 1306, 1314 (8th Cir. 1990) (internal quotation marks omitted).

In response to summary judgment, Mr. Grynberg tried to create a factual dispute about the validity of the contract by arguing that Bar S had not signed the contract and had only signed the accompanying escrow agreement; that the bid Bar S submitted required both parties to sign the contract for it to be valid; and that Bar S indicated in an email after November 23 that there were outstanding issues that needed to be resolved before it could finalize the contract. Mr. Grynberg's attempt to disavow his earlier judicial admissions about the validity of the contract with seemingly contrary evidence at summary judgment does not create a disputed issue of

fact. *See id.* at 1314-15 (holding earlier judicial admissions binding, even after admitting party later produced evidence at summary judgment contrary to those admissions); *Davis v. A.G. Edwards & Sons, Inc.*, 823 F.2d 105, 107-08 (5th Cir. 1987) (per curiam) (holding earlier judicial admissions binding, even though admitting party submitted an affidavit at summary judgment that conflicted with earlier statements in his complaint).

On appeal, Mr. Grynberg complains that the district court erred at the summary judgment stage in finding that the November 23, 2010 contract was a binding contract between the parties. But Mr. Grynberg's argument is misplaced because the district court did not make such a finding. The district court did grant summary judgment in favor of Bar S on Mr. Grynberg's claim for unjust enrichment because the parties were acting under an express contract. There was no factual dispute on this claim because Mr. Grynberg affirmatively asserted that there was a contract in his complaint and admitted to an even more detailed allegation about the contract in his answer to the counterclaim complaint. If Mr. Grynberg wanted to avoid the consequences of his judicial admissions, he needed to move for leave to amend his answer to Bar S's counterclaim, and he needed to appeal the district court's denial of his motion to amend his complaint. He did neither of those things. Under these circumstances, he has not demonstrated that the district court erred at summary judgment.

B. *Sufficiency of the Evidence*

Mr. Grynberg next argues that the district court erred in denying his Fed. R. Civ. P. 50 motion for judgment as a matter of law. He asserts there was insufficient evidence to support the jury's finding that Bar S was entitled to damages on two contracts because the evidence only supports a finding that there was one contract between the parties. We disagree.

> In reviewing the denial of a Rule 50 motion, we determine only whether the jury verdict is supported by substantial evidence when the record is viewed most favorably to the prevailing party. Substantial evidence is less than the weight of the evidence. Instead, it is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, even if different conclusions also might be supported by the evidence.

*Arnold Oil Props. LLC v. Schlumberger Tech. Corp.*, 672 F.3d 1202, 1208 (10th Cir. 2012) (internal quotation marks and citation omitted).

In this case, there was evidence that Mr. Grynberg contracted with Bar S to move the rig from Wyoming to North Dakota; that Mr. Grynberg breached this contract by failing to provide adequate access to the North Dakota site; and that Bar S was damaged in the form of lost profits as a result of the breach. There was also evidence that Bar S told Mr. Grynberg that stacking out the rig in Farson was not part of the original contract and there would be extra charges for performing that work; that Mr. Grynberg agreed this move would be an additional cost and agreed to pay for it; that Bar S accepted Mr. Grynberg's promise to pay for the move by performing the move; that Mr. Grynberg breached the contract by failing to pay Bar S for the work it

- 7 -

had performed; and that Bar S was damaged by Mr. Grynberg's failure to pay for the work it had performed.  Accordingly, we conclude the district court did not err in denying Mr. Grynberg's Rule 50 motion.

C.  *Admission of Evidence*

Mr. Grynberg further asserts that the district court "erred by admitting irrelevant and/or prejudicial evidence."  Aplt. Br. at 42.  "We review a court's evidentiary rulings for an abuse of discretion, according deference to a district court's familiarity with the details of the case and its greater experience in evidentiary matters."  *Frederick v. Swift Transp. Co.*, 616 F.3d 1074, 1083 (10th Cir. 2010) (internal quotation marks omitted).

Mr. Grynberg first complains about the admission of "reputation and character evidence," contending that the district court admitted the evidence over a "Fed R. Evid. 403 objection," citing to two sections of the record.  Aplt. Br. at 44.  But there was no admission of evidence over a 403 objection in the record cites provided by Mr. Grynberg.  In the first section, Mr. Grynberg objected during Bar S's opening argument.  As there was no admission of evidence at that time, the district court noted the objection and indicated that Mr. Grynberg could address that issue "[i]f the evidence is ultimately admitted."  Aplt. App., Vol. IV at 727.  In the next record section, Mr. Grynberg made a 403 objection to evidence being overly prejudicial; however, the district court sustained the objection and did not allow the admission of the evidence.  *See id.*, Vol. VI at 1013-14, 1021.

Mr. Grynberg also noted the admission of evidence related to his leases for the Wyoming and North Dakota sites and a survey of the North Dakota site, arguing that this evidence was irrelevant and was admitted over his objection. He further contends that the district court admitted irrelevant evidence of drilling matters, drilling permits, land-related documents, and Bureau of Land Management applications, after denying his motion in limine to preclude such evidence. We see no abuse of discretion in the district court's admission of this evidence.

Mr. Grynberg also complains about the content of Bar S's exhibits, *see* Aplt. Br. at 45, and Bar S's characterization of a March 31, 2011 letter, *see id*. at 49, but he fails to provide any record citations showing where the issue was objected to and ruled on in the trial court as required by 10th Cir. R. 28.2(C)(3); likewise, he fails to offer any record citations to support his argument, as required by Fed. R. App. P. 28(a)(9)(A). Because Mr. Grynberg has not adequately briefed these issues, we will not consider them. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007).

Finally, Mr. Grynberg spends several pages complaining about statements made in Bar S's closing argument. Although he includes the record citations for the allegedly prejudicial statements, a review of those citations shows that there were no contemporaneous objections made at trial. "Absent a timely and proper objection, the alleged error will be waived on appeal except when it constitutes plain error resulting in manifest injustice." *United States v. Taylor*, 800 F.2d 1012, 1017 (10th Cir. 1986). But Mr. Grynberg has not made any argument for plain error,

"[a]nd the failure to do so—the failure to argue for plain error and its application on appeal—surely marks the end of the road for an argument for reversal not first presented to the district court." *Richison v. Ernest Group, Inc.*, 634 F.3d 1123, 1130-31 (10th Cir. 2011).

### III.  Bar S's Cross-Appeal

Bar S appeals the district court's denial of pre-judgment interest on the damages related to the Farson move.  After reviewing the briefs, the record, and the relevant legal authority, we affirm the district court's decision for substantially the same reasons as those stated by the district court in its order.

### IV.  Conclusion

We affirm the district court's judgment. We also affirm the district court's decision denying Bar S's motion for prejudgment interest.  We deny as unnecessary Mr. Grynberg's motion for permission to file 10th Cir. R. 10(E) documents.  The appendix is accepted as filed.  We also deny Mr. Grynberg's motion for leave to file a document under seal.  Counsel for Mr. Grynberg is ordered to submit an unsealed copy of the jury verdict to the court with the jury foreperson's signature redacted.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge