EDITH BROWN CLEMENT, Circuit Judge:
Carlos Gonzalez appeals the district court’s grant of summary judgment in favor of school district police officer Abel Huerta.[1] The question presented is whether the district court erred in granting Huerta qualified immunity. Because we find no violation of clearly established law, we AFFIRM.
I.
On Tuesday, July 10, 2012, at approximately 4:30 pm in the afternoon, Carlos Gonzalez drove his gold-colored sports utility vehicle (SUV) to Bendwood Elementary School to pick up his wife, a school employee. Gonzalez was accompanied by his thirteen-year-old daughter, who rode in the back seat. Gonzalez backed into a parking space in the school lot and waited for his wife. Another employee noticed his vehicle, deemed it suspicious, and contacted the school district police, who dis *856 patched Officer Huerta to investigate. While en route, Huerta received additional information regarding a history of vehicle burglaries at the same location, although no evidence connected any of these prior incidents to a gold SUV.
Huerta arrived at the school, matched Gonzalez’s vehicle to the dispatcher’s description, and approached the driver’s side. Huerta then asked Gonzalez to produce his identification. Gonzalez asked for a justification for the request. Huerta repeated the request, and Gonzalez again asked for a justification. Huerta stated that he would provide a justification after Gonzalez provided his identification. Gonzalez produced a cell phone and stated that he was calling his attorney, but he hung up without speaking to anyone. Huerta then handcuffed Gonzalez, removed him from the vehicle, and placed him in the back of the patrol car, holding him there for over thirty minutes. Gonzalez’s wife eventually appeared, and once Huerta confirmed Gonzalez’s identity and his purpose at the school, he released him.
Gonzalez filed a § 1983 claim against Huerta alleging illegal detention, false arrest, and excessive force in violation of the Fourth Amendment. Huerta asserted qualified immunity and moved for summary judgment. The district court granted the motion, finding that Huerta’s investigative detention of Gonzalez was supported by reasonable suspicion and that Huerta was entitled to qualified immunity.
II.
“We .review a grant of summary judgment de novo, viewing all evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party’s favor.” Kariuki v. Tarango, 709 F.3d 495, 501 (5th Cir.2013). Summary judgment is appropriate where “the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.” Fed. R. Civ. P. 56. Furthermore, “we may affirm the district court’s decision on any ground supported by the record, even if it was not the basis for the judgment.” Terrebonne Parish Sch. Bd. v. Mobil Oil Corp., 310 F.3d 870, 878 (5th Cir. 2002).
“We also review a grant of qualified immunity de novo.” Bishop v. Arcuri, 674 F.3d 456, 460 (5th Cir.2012). “A public official is entitled to qualified immunity unless the plaintiff demonstrates that (1) the defendant violated the plaintiffs constitutional rights and (2) the defendant’s actions were objectively unreasonable in light of clearly established law at the time of the violation.” Porter v. Epps, 659 F.3d 440, 445 (5th Cir.2011).
III.
On appeal, Gonzalez argues only that Huerta lacked reasonable suspicion to detain him, violating his constitutional right to be free from unreasonable searches and seizures.[2] The district court determined that Huerta’s investigative detention was supported by reasonable suspicion, “a question of law, to which we apply de novo review.” Goodson v. City of Corpus Christi, 202 F.3d 730, 737 (5th Cir. 2000). “Reasonable suspicion must be supported by particular and articulable facts, which, taken together with rational inferences from those facts, reasonably warrant an intrusion.” United States v. Michelletti, 13 F.3d 838, 840 (5th Cir.1994). It “requires more than merely an unparticular-ized hunch, but considerably less than proof of wrongdoing by a preponderance of the evidence.” United States v. Gonzalez, 190 F.3d 668, 671 (5th Cir.1999). “The application of the reasonable suspicion *857 standard requires the consideration of the totality of the circumstances.” United States v. Neufeld-Neufeld, 338 F.3d 374, 378 (5th Cir.2003).
Viewing the evidence in the light most favorable to Gonzalez, we have serious doubts as to whether Huerta had a reasonable basis to detain him.[3] Huerta’s first piece of information was the bare report of a “suspicious” vehicle in the school parking lot. Huerta’s second piece of information was “a recent history of burglaries of motor vehicles at the same location.” But Huerta did not receive any information connecting the “suspicious” vehicle to any of the alleged burglaries. Rather, Huerta encountered the basic scenario of a reportedly suspicious person in an area where criminal activity had occurred in the past — a scenario that does not support the conclusion that a particular individual is engaged in criminal conduct. See Brown v. Texas, 443 U.S. 47, 52, 99 S.Ct. 2637, 61 L.Ed.2d 357 (1979) (police stop of a suspect for “look[ing] suspicious” in a “neighborhood frequented by drug users” was not justified by reasonable suspicion). Nor is there any indication that it would be unusual for a car to be legally parked in a school parking lot on a weekday afternoon as school employees are leaving for the day. Compare Flores v. City of Palacios, 381 F.3d 391, 402-03 (5th Cir.2004) (holding that car parked on the wrong side of a two-way street in violation of Texas law supported reasonable suspicion).
Furthermore, “reasonable suspicion must be [present] ... at the time of the decision to stop a person.” United States v. Silva, 957 F.2d 157, 160 (5th Cir.1992) (emphasis added). Here, any suspicions held by Huerta should have been alleviated before he decided to detain Gonzalez. First, Gonzalez did not attempt to drive away or flee the scene as the officer approached. Compare Illinois v. Wardlow, 528 U.S. 119, 124, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000) (holding that suspect’s unprovoked flight upon noticing police supported reasonable suspicion). Second, Huerta saw a thirteen-year-old girl calmly sitting in the back of the vehicle; and third, Gonzalez was doing little more than sitting in his car in a public lot.
Finally, Huerta points to Gonzalez’s phone call as a suspicious activity. But Gonzalez explicitly stated that he wanted to contact his attorney, who was apparently unavailable to receive the call. In sum, no real inference of criminal activity can be drawn from the totality of these facts and circumstances.
But even if we assume that Huerta violated Gonzalez’s constitutional rights by detaining him without reasonable suspicion, we cannot say that this detention was objectively unreasonable in light of clearly established law.[4] Gonzalez argues that the law is clearly established that a police officer’s demand for identification constitutes a seizure under the Fourth Amendment and must be based on reasonable suspicion. But this general claim — that a seizure under the Fourth Amendment must be based on reasonable suspicion — is precisely the type of “general proposition” that the Supreme Court has *858 rejected. See Ashcroft v. al-Kidd, 563 U.S. 731, 131 S.Ct. 2074, 2084, 179 L.Ed.2d 1149 (2011). Instead, the Court has repeatedly emphasized the need to look at the specific facts of a case when determining qualified immunity. See id. (“We have repeatedly told courts ... not to define clearly established law at a high level of generality. The general proposition, for example, that an unreasonable search or seizure violates the Fourth Amendment is of little help in determining whether the violative nature of particular conduct is clearly established.”) (internal citations omitted). With the more specific inquiry the Court requires, the question becomes whether there is either “directly controlling authority ... establishing the illegality of such conduct” or “a consensus of cases of persuasive authority such that a reasonable officer could not have believed that his actions were lawful,” McClendon v. City of Columbia, 305 F.3d 314, 328-29 (5th Cir.2002) (emphasis added) (quoting Wilson v. Layne, 526 U.S. 603, 617, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999)).[5]
Here, it appears that Huerta’s decision to detain Gonzalez was based, at least in part, on his belief that Gonzalez was required to identify himself pursuant to § 37.105 of the Texas Education Code.[6] And while prior Supreme Court cases have held that police may not detain an individual solely for refusing to provide identification, see Brown, 443 U.S. at 52, 99 S.Ct. 2637, and Hiibel v. Sixth Judicial District Court of Nevada, Humboldt County, 542 U.S. 177, 188, 124 S.Ct. 2451, 159 L.Ed.2d 292 (2004), neither of those cases dealt with incidents occurring on school property. This is no small distinction, as the Supreme Court has routinely reconsidered the scope of individual constitutional rights in a school setting. See, e.g., Morse v. Frederick, 551 U.S. 393, 127 S.Ct. 2618, 168 L.Ed.2d 290 (2007); Vernonia Sch. Dist. 47J v. Acton, 515 U.S. 646, 115 S.Ct. 2386, 132 L.Ed.2d 564 (1995); New Jersey v. T.L.O., 469 U.S. 325, 105 S.Ct. 733, 83 L.Ed.2d 720 (1985). Thus, we find that Brown — which Gonzalez .relies on — and Hiibel do not meet the “sufficiently high level of specificity” necessary “to put a reasonable official on notice” that detaining an individual for a failure to provide identification on school property “is definitively unlawful.” Vincent v. City of Sulphur, 805 F.3d 543, 547 (5th Cir.2015), cert. denied, — U.S. —, 136 S.Ct. 1517, 194 L.Ed.2d 607 (2016).[7] Accordingly, we do not find that Huerta’s actions were “objectively unreasonable in light of a clearly established rule of law.” Id. Huerta *859 is therefore entitled to qualified immunity. AFFIRMED.

. The complaint lists "Able” Huerta as the defendant, but "Abel” is the correct spelling of the defendant's first name.

. Thus, we do not consider his false arrest or excessive force claims.

. While an investigative detention must be based on reasonable suspicion, an arrest— whether explicit, or de facto in the form of an excessively long Terry detention — must be based on probable cause. See United States v. Zavala, 541 F.3d 562, 579 (5th Cir.2008). Because Gonzalez has not raised the issue of arrest on appeal, we only consider whether Huerta violated Gonzalez’s rights in the initial stop and identification request.

. We may proceed directly to the second prong of the qualified immunity analysis without explicitly ruling on the first. See Pearson v. Callahan, 555 U.S. 223, 227, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009).

. The dissent argues that the law governing investigative detentions is '‘well-settled” and thus the al-Kidd specificity concerns are not implicated. But the Ninth Circuit recently held that qualified immunity protected an officer who had violated Terry "despite the many cases that have given shape to the contours of the reasonable suspicion requirement of Terry.” Thomas v. Dillard, 818 F.3d 864, 887 (2016). It recognized that the "Supreme Court’s demanding standard” for a plaintiff to establish a violation of clearly established law required case law establishing the unlawfulness of the stop and frisk in the particular context of the case, which in Thomas involved reports of a domestic dispute. Id. at 887-88 (explaining that the Supreme Court has "repeatedly told courts not to define clearly established law at a high level of generality, since doing so avoids the crucial question whether the official acted reasonably in the particular circumstance that he or she faced.” (quoting Plumhoff v. Rickard, - U.S. -, 134 S.Ct. 2012, 2023, 188 L.Ed.2d 1056 (2014))).

. Section 37.105 of the Texas Education Code states that "[identification may be required of any person on [school] property.”

. Indeed, the officers stated to Gonzalez that "our job is a little bit different.... we’ve got kids here, ... so we have to approach a little bit different.”