# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41573
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 20, 2016

Lyle W. Cayce
Clerk

TIMOTHY DODDS,

Plaintiff – Appellant,

v.

CITY OF YORKTOWN, TEXAS; EDUARDO GARCIA; ALEX CAMPBELL,

Defendants – Appellees.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:13-CV-66

Before STEWART, Chief Judge, and SMITH and OWEN, Circuit Judges.

PER CURIAM:*

In this civil rights case, the district court granted Defendants-Appellees' motion to dismiss Plaintiff-Appellant's federal law claims on grounds that they were barred by *Heck v. Humphrey*. The district court then granted the parties' joint motion to dismiss Plaintiff-Appellant's remaining state law claims. For the reasons stated herein, we affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41573

## I. FACTS & PROCEDURAL HISTORY

Plaintiff-Appellant Timothy Dodds ("Mr. Dodds") and his wife Dianna Dodds ("Ms. Dodds")[1] are the parents of Timothy Dodds, Jr. ("Timothy"). Timothy was previously married to Adrianna Longoria ("Ms. Longoria"). Timothy and Ms. Longoria, who are no longer married, have two young children to which Mr. and Ms. Dodds are grandparents. Ms. Longoria is now married to Antonio Longoria ("Mr. Longoria") but continues to share custody of her two children with Timothy.

According to Mr. Dodds, on the evening of September 17, 2011, he and Ms. Dodds received a call from Timothy stating that he had received a call from his oldest child complaining that both children were at Ms. Longoria's home alone and they were afraid. After receiving a "welfare call" from an anonymous caller stating that the children were home alone, a Yorktown Police Department dispatcher contacted Sergeant Eduardo Garcia, Jr. ("Sgt. Garcia"), who lived next door to the Longorias, and requested that he go to the home to find out if the children were there alone. When Sgt. Garcia arrived to the home, both Mr. and Ms. Longoria were there. Alex Campbell, a certified detention officer and a friend of the Longorias, was also there. Sgt. Garcia, Campbell, and Mr. Longoria were all on the front porch of the Longorias' home when Mr. and Ms. Dodds arrived.

The facts surrounding the remainder of the incident are somewhat in dispute but the record generally reflects that Ms. Dodds exited the vehicle first and walked toward the porch where Sgt. Garcia, Campbell, and Mr. Longoria were standing. Ms. Dodds asked where the children were and Sgt. Garcia identified himself as a police officer with the Yorktown Police Department and

---

[1] Ms. Dodds was listed as a plaintiff in the underlying proceedings but only Mr. Dodds appeals herein.

2

told Ms. Dodds to leave the premises.  Mr. Dodds then exited the vehicle and began walking toward Ms. Dodds and the three men.  Sgt. Garcia again identified himself as "Yorktown PD" and told Mr. and Ms. Dodds to leave the premises.  When Mr. and Ms. Dodds continued to ignore his commands to leave, Sgt. Garcia announced that he had a taser and told them that they would be arrested if they did not leave the premises.  According to Defendants-Appellees, at this point Mr. Dodds went into a "fighting stance" and continued to advance toward Campbell with "clinched fists."  Sgt. Garcia then tased Mr. Dodds[2] and called an emergency medical services transport ("EMS").  The record also reflects that, at this time, Sgt. Garcia handed the taser to Campbell[3] and instructed him to tase Mr. Dodds if he moved again.  Once EMS arrived, Mr. Dodds declined to go to the hospital and both Mr. Dodds and Ms. Dodds were transported to the DeWitt County Jail where they were detained overnight.  Mr. Dodds was arrested for criminal trespass, obstruction or retaliation, and terroristic threat. Ms. Dodds was arrested for criminal trespass and interference with the duties of a public servant.[4]

Mr. Dodds was ultimately convicted of retaliation, a third-degree felony, and his conviction was affirmed on appeal.  *See Dodds v. State*, No. 13-13-00288-cr, 2014 WL 6676774, at *8 (Tex. App.—Corpus Christi Nov. 25, 2014); Tex. Penal Code Ann. § 36.06(a)(1)(A),(c)[5].  While the criminal proceedings were pending, Mr. Dodds filed the underlying civil rights suit against Sgt.

---

[2] The record is unclear as to how many times Mr. Dodds was actually tased.

[3] The record reflects that Campbell was certified to use a taser as a result of his training as a detention officer.

[4] All charges against Ms. Dodds were ultimately dismissed.

[5] The elements of retaliation under section 36.06(a)(1)(A) are: (1) the defendant (2) intentionally or knowingly (3) harms or threatens to harm (4) another person (5) by unlawful act (6) in retaliation for or on account of (7) the service or status of another (8) as a public servant, witness, prospective witness, or informant.  *See Cada v. State*, 334 S.W.3d 766, 770 (Tex. Crim. App. 2011).  A police officer is a public servant. *See Carriere v. State*, 84 S.W.3d 753, 757 (Tex. App.—Houston 2002).

No. 15-41573

Garcia and the City of Yorktown, Texas, alleging both federal and state law claims. *See* 42 U.S.C. § 1983. In that suit, Mr. Dodds alleged a Fourth Amendment excessive force claim and several other federal law claims which he does not advance on appeal.

The civil suit was temporarily stayed pending the outcome of the criminal proceedings. Once Mr. Dodds' criminal conviction for retaliation was affirmed on appeal, the civil proceedings resumed and Defendants-Appellees filed a motion to dismiss Mr. Dodds' claims on grounds that they were barred by *Heck v. Humphrey*.[6] Agreeing that Mr. Dodds' claims were *Heck*-barred, the district court granted Defendants-Appellees' motion and dismissed Mr. Dodds' federal law claims. The parties then filed a joint stipulation to dismiss Mr. Dodds' remaining state law claims which was also granted. Mr. Dodds now appeals.

## II. STANDARD OF REVIEW

We conduct a de novo review of a district court's dismissal under Rule 12(b)(6), applying the same standard as the district court. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). We accept "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.* (citations omitted). "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (citation omitted). "Factual allegations must be enough to raise a right to

---

[6] 512 U.S. 477, 486—87 (1994) (holding that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.").

No. 15-41573

relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citation omitted).

### III. DISCUSSION

On appeal, Mr. Dodds' sole argument is that the district court erred in dismissing his excessive force claim. This court has consistently acknowledged that "*Heck* prohibits a plaintiff from using a § 1983 suit to challenge the validity of his conviction or sentence, unless the plaintiff demonstrates that the conviction or sentence has in some way been reversed or invalidated." *Daigre v. City of Waveland, Miss.*, 549 F. App'x 283, 286 (5th Cir. 2013) (per curiam) (unpublished) (citing *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008)). As a result, "a plaintiff's claim is Heck-barred despite its theoretical compatibility with his underlying conviction if specific factual allegations in the complaint are necessarily inconsistent with the validity of the conviction." *Id.* (citing *Bush*, 513 F.3d at 498 n. 14 (citation omitted)). This is because "factual assertions in pleadings are . . . judicial admissions *conclusively* binding on the party that made them." *Id.* (citing *Davis v. A.G. Edwards & Sons, Inc.*, 823 F.2d 105, 108 (5th Cir. 1987)).

In *DeLeon v. City of Corpus Christi*, we held that a plaintiff's excessive-force claims were *Heck*-barred because the complaint described "a single violent encounter" in which the plaintiff claimed he was an innocent participant and necessarily challenged his aggravated-assault conviction. 488 F.3d 649, 656–57 (5th Cir. 2007).[7] On the other hand, we held in *Bush v. Strain* that a plaintiff's excessive-force claims were not barred because it was clear that she was referring to conduct that occurred "after she was restrained." 513 F.3d 492, 499 & n. 18 (5th Cir. 2008).

---

[7] In light of this case and other similar cases decided by this court, we disagree with Mr. Dodds' assertion on appeal that an inquiry as to whether an excessive force claim is *Heck*-barred should not be decided on a 12(b)(6) dismissal.

No. 15-41573

Here, we agree with the district court that many of Mr. Dodds' alleged facts in his First Amended Complaint are inconsistent with his conviction for retaliation, including his assertions that he never made any verbal or physical threats toward anyone and that Sgt. Garcia's claim to be a police officer was not credible.[8]  As noted by the district court, these statements are in direct conflict with Mr. Dodds' conviction for retaliation, wherein it was shown that he intentionally or knowingly harmed or threatened to harm another person by unlawful act in retaliation for or on account of the service or status of another as a public servant—here, a police officer.  *See* Tex. Penal Code Ann. § 36.06(a)(1)(A).

We disagree with Mr. Dodds' argument that the district court incorrectly applied the doctrine of *Heck v. Humphrey* in dismissing his claims.  Mr. Dodds submits that "[u]nder *Heck*, if there are any pleaded facts that are not inconsistent with the conviction that can support a claim for excessive force, *Heck* does not apply." (emphasis in original).  However, as this court has stated, "[w]hen a plaintiff alleges tort claims against his arresting officers, the district court must first consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his *conviction or sentence. . .* [i]f so, the claim is barred . . . [.]"  *DeLeon,* 488 F.3d at 652 (internal quotation marks and citation omitted).  Our review of the record reveals that the district court correctly conducted this analysis under *Heck* in its review and ultimate dismissal of Mr. Dodds' claims.

In support of his excessive force argument on appeal, Mr. Dodds also attempts to draw a temporal distinction between the first time Sgt. Garcia tased him and the subsequent times he alleges he was tased, arguing that because he was incapacitated after being tased once, any subsequent tasing

---

[8] Mr. Dodds reiterates these factual allegations on appeal.

6

amounted to excessive force. According to the Memorandum Opinion of the Texas Court of Appeals affirming Mr. Dodds' criminal conviction for retaliation, when Sgt. Garcia first deployed the taser, the leads "did not make contact" with Mr. Dodds' body. *Dodds*, 2014 WL 6676774, at \*1. Consequently, Mr. Dodds continued to advance toward Sgt. Garcia and Campbell and picked up the taser leads himself, effectively closing the circuit, which caused him to actually be tased. *Id*. at \*1-2. These events clearly conflict with Mr. Dodds' excessive force argument before this court that, after tasing him once, "Sgt. Garcia tased Appellant repeatedly after he had already been incapacitated . . . [.]" Moreover, in referencing Mr. Dodds' argument appealing his retaliation conviction, the appellate court recounted that he claimed that "his threatening approach [toward Sgt. Garcia] was just a reaction to being struck by the Taser barb or constituted angry gesticulations directed toward Sergeant Garcia." *Id*. at \*3. Again, these events are in direct conflict with Mr. Dodds' argument before the federal district court and on appeal that he never verbally or physically threatened anyone and that he was completely "incapacitated" after being tased by Sgt. Garcia, thereby converting any alleged subsequent tasings to the level of excessive force.

Additionally, the evidence in the record supports the district court's conclusion, which is not disputed by Mr. Dodds, that these events clearly constituted and arose from a "single violent encounter," all of which preceded Mr. Dodds' ultimate arrest. *See DeLeon*, 488 F.3d at 656—57.

Since the specific factual allegations contained in Mr. Dodds' First Amended Complaint, as supported by his excessive force argument on appeal, are clearly inconsistent with the validity of his affirmed criminal conviction for retaliation, we hold that the district court did not err in dismissing his claims under *Heck v. Humphrey*. *See Daigre*, 549 F. App'x at 286—87; *see also, Heck*, 512 U.S. at 486—87.

No. 15-41573

## IV. CONCLUSION

For the forgoing reasons, we affirm the district court's judgment in full.