# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30305
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 13, 2016

Lyle W. Cayce
Clerk

WOODROW K. WILSON,

　　　　Plaintiff - Appellant

v.

PROVIDENT LIFE & ACCIDENT INSURANCE COMPANY,

　　　　Defendant - Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:14-CV-499

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

　　　Plaintiff—Appellant Woodrow K. Wilson ("Wilson") appeals the district court's grant of summary judgment in favor of Defendant—Appellee Provident Life & Accident Insurance Company ("Provident"). Wilson alleged in the district court, and alleges on appeal, that he is entitled to disability benefits

---

　　* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30305

under a policy that Provident issued to him in 1993 (the "Policy"). The district court held that Wilsons's lawsuit was untimely. We **AFFIRM**.

"We review a grant of summary judgment *de novo*, viewing all evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor."[1] Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2]

The Policy imposes certain deadlines to make a claim under the Policy. First, a policyholder must provide Provident with "[w]ritten notice of a claim . . . within 20 days after a covered loss starts or as soon as reasonably possible." Second, a policyholder must provide Provident with "written proof of loss within 90 days after the end of" the first benefit period for which Provident is liable. Third, if a policyholder is going to sue to collect under the Policy, he must do so within three years of the date that "proof of loss is required."

There is no genuine dispute of material fact as to when Wilson's covered loss started. The Policy states that a claimant qualifies as "totally disabled" once he is unable to "perform the substantial and material duties" of his occupation and once he is "receiving care by a Physician which is appropriate for the condition causing the disability." In his complaint, Wilson alleged that he is "'totally disabled' as defined by the Policy" and "is entitled to benefits under the Policy from October 13, 2008, the date of his first treatment for his knee condition and the time from which [he] was unable to perform the substantial and material duties of his occupation." In his amended complaint, Wilson alleged that he is "'totally disabled' as defined by the Policy" and "is entitled to disability benefits under the Policy from October 13, 2008, the date

---

[1] *Gonzalez v. Huerta*, 826 F.3d 854, 856 (5th Cir. 2016) (internal quotations omitted).
[2] Fed. R. Civ. P. 56(a).

No. 16-30305

of his first treatment for his knee condition and the time from which [he] was unable to perform the substantial and material duties of his occupation." "Facts that are admitted in the pleadings are no longer at issue."[3] They "are considered to be judicial admissions conclusively binding on the party who made them."[4] Wilson has thus admitted that his covered loss started on October 13, 2008. He cannot amend the record and create a genuine issue of material fact on appeal.

The preceding paragraphs, taken together, establish the following: (1) Wilson was required to provide Provident with written notice of his claim on or before November 2, 2008 – 20 days after his covered loss started on October 13, 2008; (2) Wilson was required to provide Provident with "written proof of loss" on or before May 13, 2009 – 90 days after the relevant benefits period ended on February 13, 2009; and (3) Wilson was required to file this lawsuit on or before May 13, 2012 – 3 years after the May 13, 2009, deadline to provide Provident with "written proof of loss."[5]

Wilson admits that he did not meet any of the aforementioned deadlines. The record, in fact, confirms that he did not file this lawsuit until August 11, 2014. This action is time barred under the terms of the Policy. **AFFIRMED**.

---

[3] *Davis v. A.G. Edwards & Sons, Inc.*, 823 F.2d 105, 108 (5th Cir. 1987) (internal quotations omitted).

[4] *White v. ARCO/Polymers, Inc.*, 720 F.2d 1391, 1396 (5th Cir. 1983).

[5] The district court appears to have assumed, contrary to its own finding, that it was not reasonably possible for Wilson to provide Provident with written proof of loss on or before May 13, 2009. This assumption afforded Wilson an additional year to provide Provident with written proof of loss under the Policy. We see no reason to make such an assumption, given that, *inter alia*, Wilson does not request it on appeal. *See Adams v. Unione Mediterranea Di Sicurta*, 364 F.3d 646, 653 (5th Cir. 2004) (noting that "[i]ssues not raised or inadequately briefed on appeal are waived"). We note, however, that even if we were willing to assume that it was not reasonably possible for Wilson to provide Provident with written proof of loss on or before May 13, 2009, Wilson's lawsuit would still be untimely. Under that scenario, Wilson would have been required to provide Provident with written proof of loss on or before May 13, 2010, and Wilson would have been required to file this lawsuit on or before May 13, 2013. Wilson did not file this lawsuit until approximately fifteen months later, on August 11, 2014.